1  Eric J. Benink, Esq., SBN 187434
   eric@kkbs-law.com
2  KRAUSE KALFAYAN BENINK & SLAVENS, LLP
3  550 West C Street, Suite 530
   San Diego, CA  92101
4  (619) 232-0331 (ph)
   (619) 232-4019 (fax)
5
6  Lynell D. Davis, Esq., SBN 271152
   lynell@perfect10.com
7  PERFECT 10, INC.
   11803 Norfield Court
8  Los Angeles, CA 90077
   (310) 476-8231 (ph)
9  (310) 476-0700 (fax)
10
   Attorneys for Plaintiff
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>OVH SAS, a French Company; HEBERGEMENT OVH INC, a Canadian corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. 2:14-CV-05969<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Perfect 10, Inc. ("Perfect 10") alleges as follows:

## NATURE OF THE CASE

1. This is an action for copyright infringement arising out of the knowing and willful acts of Defendants OVH SAS, a French company and HEBERGEMENT OVH INC, a Canadian corporation, who jointly operate, control, and conduct business through the website ovh.com., and other entities that own or control or act in concert with these entities but whose names are unknown; Defendants are collectively referred to herein as "OVH," the "OVH Defendants" or "Defendants."   As alleged further below, Defendants are affiliated companies, alter egos and agents of one another, inextricably intertwined, and conduct business under the name 'OVH." Defendants host infringements of Perfect 10's copyrighted material on the Internet, and make such infringing material available to users in the United States through a communications network with Points of Presence ("POPs") in California and throughout the United States.  See ovh.com/us/blog/a974.ovh_in_north_america _an_xxl_network_for_bhs.

2. Beginning on or about September 10, 2011, and continuing until on or about March 16, 2014, Perfect 10 sent 17 notices to the OVH Defendants under the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 512 *et seq*.  The DMCA notices identified at least 12,000 Perfect 10 images infringed by websites hosted by the OVH Defendants and demanded that the Defendants remove the material from their servers.  Perfect 10 sent these notices by email to abuse@ovh.net, an email address provided on the ovh.com website to report complaints.

3. The OVH Defendants have refused to stop hosting the infringing websites and/or displaying the infringing material identified by Perfect 10 in its DMCA notices, even though Defendants' conduct is leading to massive infringement of Perfect 10's copyrighted images and other copyrighted material

in the United States as a result of tens of thousands of downloads by U.S. users of infringing Perfect 10 materials made available via the Defendants' massive communications network in the United States.  Because the OVH Defendants have refused to remove the infringing material identified in Perfect 10's DMCA notices, Perfect 10 has been forced to bring this action.

## JURISDICTION AND VENUE

4.  <u>Jurisdiction</u>.  This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  <u>Venue</u>.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a), because Defendants may be found in this District and a substantial part of the events giving rise to Perfect 10's claims arose in this District.

6.  <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k) because Defendants have purposefully directed their activities toward the United States and Perfect 10's claim arises out of or relates to Defendants' forum-related activities in the United States.  In addition, Defendants' affiliations with the United States are so 'continuous and systematic' as to render them essentially at home in the United States.

7.  Defendants generate substantial revenue from California customers, their wrongful activity was expressly aimed at California, Perfect 10 suffered resulting harm in California and Defendants knew the harm was likely to be suffered in California, including within this judicial district.  In particular, the OVH Defendants knew, or should have known, that their conduct would cause injury to Perfect 10 in California.  In addition, the OVH Defendants have engaged in the following conduct, among other things:

    7.1  Selling hosting services to website operators who infringe Perfect 10's copyrighted material by displaying infringing Perfect 10

images on their websites.  Perfect 10 is informed and believes, and based thereon alleges, that a number of these website operators are located in the United States (such as ohfree.net), and specifically, in California;

    7.2    Hosting websites on their servers on which images that infringe upon Perfect10's copyrighted images are stored.  Perfect 10 is informed and believes, and based thereon alleges, that a number of these websites are located in the United States and specifically, in California;

    7.3    Deploying a massive communications network in the United States, including thousands of miles of fiber optics and Points of Presence ("POPs) (an access point to the internet) in Atlanta, Chicago, Dallas, Los Angeles, Miami, Newark, New York City, Palo Alto, San Francisco, San Jose, and Seattle.  See http://www.ovh.com/us/blog/a974.ovh_in_north_america_an_xxl_network_for_bhs.  This network is used to transmit tens of thousands of infringing Perfect 10 images between infringing websites and persons in the United States who view and download the images.

## THE PARTIES

8.    Perfect 10 is, and at all times mentioned herein was, a California corporation having its principal place of business within Los Angeles County. Perfect 10 published the popular magazine PERFECT 10 and owns and operates the internet website located at *www.perfect10.com*, which domain name Perfect 10 owns.

9.    Defendant OVH SAS is a French company.

10.    Defendant HEBERGEMENT OVH INC. is a Canadian corporation.

11.    Defendants Does 1 through 100, inclusive, are individuals or entities that own and/or control the Defendants, or any of them, or that are owned and/or controlled by the Defendants, or any of them, and which either

directly or indirectly profit from and/or directly or indirectly infringe or facilitate the infringement of Perfect 10's copyrights, and/or are acting in concert with or conspiring with the Defendants to engage in the unlawful activities described in this Complaint. Does 1 through 100, inclusive, are sued herein under fictitious names because their true names and capacities are unknown to Perfect 10. When Perfect 10 ascertains the Doe Defendants' true names and capacities, it will seek leave to amend this Complaint to insert such true names and capacities. Perfect 10 is informed and believes, and based thereon alleges, that each Doe Defendant acted with the Defendants and is responsible for the harm and damages to Perfect 10 alleged herein. (The named Defendants and the Doe Defendants are referred to hereinafter collectively as "Defendants.")

12. Perfect 10 is informed and believes, and based thereon alleges, that each of the Defendants named herein is in some manner responsible for the acts alleged herein and that, at all times mentioned herein, each of the Defendants, including each and every fictitiously named Defendant, was the principal, agent, servant, employee, alter-ego, instrumentality, representative, co-venturer, and/or partner of each of the other said Defendants, and in doing the things herein alleged, was acting within the course, scope, purpose and knowledge of such agency, employment, alter-ego, instrumentality, representation, co-venture, and/or partnership, and/or for the benefit of each other Defendant, and with the knowledge, permission and consent or with the approval or ratification of each other Defendant, and, as such, share liability with each other with respect to the matters complained of herein.

13. Perfect 10 is informed and believes, and based thereon alleges, that at all times relevant hereto, each of the Defendants, including each and every fictitiously named Defendant, conspired with, aided and abetted, and/or acted in concert with each and every other Defendant to harm, injure and damage Perfect 10 as alleged herein and, in furtherance of the aforesaid conspiracy or other plan,

1  each and every Defendant engaged in one or more of the overt acts hereinafter
2  alleged.  In particular, the Defendants, and each of them, are inextricably
3  intertwined alter-egos and agents of one another who share a unity of interest
4  and ownership.
5      14.   Furthermore, on information and belief, defendant Hebergement
6  OVH, Inc. is a subsidiary of OVH SAS.  Hebergement OVH performs services
7  that are sufficiently important to OVH SAS that if it did not have a
8  representative to perform them, OVH SASA would undertake to perform
9  substantially similar services. Specifically, OVH SAS (and Hebergement OVH)
10 has made a conscious and deliberate attempt to expand its web hosting services
11 to the United States.  The ovh.com home page includes a flag of the United
12 States and "USA".  In 2013, Defendants raised $181 million to build datacenters
13 in the United States.  OVH SAS has a right to control OVH Hebergement's
14 activities.  Both Defendants use the same website, ovh.com, to advertise the
15 same services, promote themselves, and to accept orders (e.g. webhosting) from
16 customers. They make no attempt to differentiate themselves on the website and
17 most references to the companies are generically to OVH.  However, webhosting
18 customers in the United States enter into Terms of Service with Hebergement
19 OVH.
20     15.   OVH has also created U.S. subsidiaries OVH DATA US LLC, and
21 OVH HOLDINGS US, Inc., both Delaware Corporations, ostensibly to do
22 additional business in the United States.
23             **PERFECT 10'S BUSINESS AND COPYRIGHTED IMAGES**
24     16.   The business of Perfect 10 consists of the design, creation,
25 production, marketing, promotion, and sale of copyrighted adult entertainment
26 products, including photographs, magazines, video productions, cell phone
27 downloads, and other media.
28

17. Perfect 10 was the publisher of the well-known magazine PERFECT 10. Perfect 10 invested significant resources into producing a high quality magazine with tasteful images of top natural models, such as Victoria's Secret supermodel Marisa Miller. Perfect 10 was forced to close its magazine because of rampant infringement.

18. Perfect 10 creates or created, and sells or sold, calendars and other merchandise featuring its images, and was involved in the licensing of downloads of images for cellphones, but currently is not earning revenue from that endeavor because of rampant infringement.

19. Perfect 10 owns and operates the internet website *www.perfect10.com,* which features tasteful images of natural models. Consumers are provided access to content owned by Perfect 10 and made available by payment of a membership fee of $25.50 per month.

20. Perfect 10's revenues are currently derived predominantly from sales of memberships to its *perfect10.com* website. Sales of memberships to the *perfect10.com* website are made by providing the customer with an individual user name and password to access the website.

21. Perfect 10 owns thousands of valuable and unique copyrighted photographs, as well as video productions and other proprietary materials. Perfect 10 owns the copyrights in and to these works (the "Perfect 10 Copyrighted Works"). Perfect 10 has applied for and/or received Certificates of Copyright Registration from the Register of Copyrights for the Perfect 10 Copyrighted Works. A partial list of Perfect 10's Copyright Registrations is attached hereto as Exhibit A and incorporated herein by this reference. Under the Copyright Act, Perfect 10 has the exclusive right, among other things, to reproduce the Perfect 10 Copyrighted Works, to distribute copies of the Perfect 10 Copyrighted Works, to display copies of the Perfect 10 Copyrighted Works, and to authorize or license any such activities.

22. Perfect 10 has invested, and continues to invest, substantial sums of money, time, effort, and creative talent, to make and produce the Perfect 10 Copyrighted Works. In addition, in order to produce and sell the Perfect 10 Copyrighted Works, Perfect 10 is required to make numerous payments, including, but not limited to, model fees, photographer fees, location costs, styling costs, make-up costs, printing costs, film and processing costs, travel costs, distribution costs, public relations costs, legal costs, and advertising and promotion costs.

23. In short, Perfect 10's business and livelihood is based upon the copyrighted images that it owns and to which it sells access. Unfortunately, the theft of copyrighted material on the Internet has reached epidemic proportions. Infringing websites exploit images that Perfect 10 has spent substantial sums of money to create, and Perfect 10's Copyrighted Works now appear for free all over the Internet, including thousands of infringing Perfect 10 images hosted by Defendants. As a result, Perfect 10's revenues have declined from approximately $2 million per year in 2002 to roughly $70,000 per year today. Based on traffic statistics provided by third party alexa (a subsidiary of Amazon, Inc.), individuals in Los Angeles County have viewed or downloaded infringing Perfect 10 images hosted by Defendants hundreds of thousands of times. Perfect 10 has lost more than $50 million over a sixteen-year period and is struggling to retain its few remaining employees.

24. In Perfect 10's experience, most of the large infringing websites are now using identity concealing services to hide the identity of their operators, are located in foreign countries, such as Russia, where there is no effective redress for copyright infringement, or are fly-by-night operations that are judgment-proof. Accordingly, in an attempt to protect its copyrights, Perfect 10 has spent substantial time and resources to issue large numbers of DMCA notices to companies that host infringing material for these websites, including Defendants.

1  As alleged above, Defendants have refused to remove the infringing material
2  identified in Perfect 10's DMCA notices and thus are knowingly, willfully, and
3  volitionally infringing Perfect 10's Copyrighted Works.

## DEFENDANTS' BUSINESS AND INFRINGING CONDUCT

5       25.   Third-party websites located in the United States, including
6  Google.com, msn.com, yahoo.com, and blekko.com, among many others, have
7  copied, distributed, and/or displayed thousands of infringing Perfect 10
8  Copyrighted Works hosted by Defendants.  Defendants host and provide Internet
9  connectivity and other essential services for these websites.  Defendants have
10 used and continue to use their communications network, including the POPs and
11 fiber optics in the United States to transmit tens of thousands of infringing
12 Perfect 10 images to users in California who download such images onto their
13 computers.

14      26.   The OVH Defendants claim to provide services to more than
15 700,000 customers in 16 countries, and are the third largest hosting provider in
16 the world.  OVH currently owns American POPs in Atlanta, Chicago, Dallas,
17 Los Angeles, Miami, Newark, New York, Palo Alto, San Jose, San Francisco,
18 and Seattle.

19      27.   Perfect 10 is informed and believes, and based thereon alleges, that
20 the Defendants currently host or have recently hosted the following websites that
21 have infringed Perfect 10's copyrights: celeb.to, celebforum.to, daily-ladies.com,
22 gallery-dump.com, erooups.com, gophoto.us, hatuncenter.net, imagechunk.com,
23 sualize.us, imgmaster.net, imagerise.com, ohfree.net, pixhost.eu, redblow.com,
24 tuxboard.com, visualizeus.com, and wallpaperpanda.com.

25      28.   Defendants have actual knowledge that they are storing and
26 displaying specific Perfect 10 Copyrighted Works.  Beginning on September 10,
27 2011, and continuing through March 16, 2014, Perfect 10 has provided the
28 Defendants with at least 17 DMCA notices which have identified at least 12,000

1  infringing Perfect 10 images that the OVH Defendants are making available for
2  viewing and copying, to millions of users.  Many of the Perfect 10 Copyrighted
3  Works hosted by the OVH Defendants clearly display Perfect 10's copyright
4  notice.   Perfect 10's DMCA notices identified at least the following infringing
5  websites that were hosted by the OVH Defendants: celeb.to, celebforum.to,
6  daily-ladies.com, gallery-dump.com, erooups.com, gophoto.us, hatuncenter.net,
7  imagechunk.com, imgmaster.net, imagerise.com, ohfree.net, pixhost.eu,
8  redblow.com, tuxboard.com, and visualizeus.com.   Of these websites, ohfree.net
9  is operated by an entity based in the state of New York, visualizeus.com is using
10 a California based company, Dream Host, to conceal its identity, and
11 imgmaster.net is using a Pennsylvania company to hide its identity.  The precise
12 location of the other website operators is unknown at this time because they
13 either utilize identity protection services to conceal their identities and
14 geographic locations, or may be hiding behind false Internet registrations.
15       29.    The Defendants have been hosting the infringing material that
16 infringes upon Perfect 10's Copyrighted Works.  Defendants could have and
17 should have ended the infringement by processing Perfect 10's DMCA notices
18 and removing the infringing images or by refusing to host the identified
19 allegedly infringing websites, among other things.  Defendants have failed to
20 take such action and have failed to remove the infringing material that Perfect 10
21 has identified in its DMCA notices.  Defendants' conduct has caused, and
22 continues to cause, severe and irreparable harm to Perfect 10.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement Against All Defendants)**

25       30.    Perfect 10 repeats and realleges, and incorporates herein as if set
26 forth here in full, each and every allegation contained in Paragraphs 1 through
27 35, inclusive.
28       31.    Perfect 10 is the owner of all right, title, and interest to each of the

Perfect 10 Copyrighted Works.  Perfect 10 has registered its works with the United States Copyright Office and has been issued United States copyright certificates.  Perfect 10 has been issued United States copyright certificates, including those listed on "Exhibit A" attached hereto, which are only some of Perfect 10's copyright registrations.

32.     Each of the Perfect 10 Copyrighted Works consists of material original with Perfect 10 and each is copyrightable subject matter.

33.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the Perfect 10 Copyrighted Works without the consent or authority of Perfect 10, thereby directly infringing Perfect 10's copyrights.

34.     Defendants' conduct constitutes direct infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

35.     Defendants have induced, caused, and/or materially contributed to unauthorized reproduction, adaptation, public display, and/or distribution of the Perfect 10 Copyrighted Works by allowing the infringement of such works to continue on their servers and/or by directly operating infringing third party websites and/or by providing hosting and Internet services to infringing third party websites.

36.     Defendants have had knowledge that they host websites that directly infringe Perfect 10's Copyrighted Works, either because they have received Perfect 10's DMCA notices, or because they have received notices from other copyright holders.  Nevertheless, Defendants have refused to remove the images that infringe Perfect 10's Copyrighted Works and/or withdraw their hosting services to websites which directly infringe Perfect 10's Copyrighted Works.  Defendants could take simple measures to prevent further damage to Perfect 10's Copyrighted Works and have failed to take such measures.

37. Defendants have no DMCA designated agent under 17 U.S.C. § 512.

38. Defendants' conduct constitutes contributory infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

39. The infringement of Perfect 10's rights in and to each of the Perfect 10 Copyrighted Works constitutes a separate and distinct act of infringement.

40. Defendants' infringement has been knowing, volitional, willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Perfect 10.

41. As a direct and proximate result of the infringements by Defendants of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works, Perfect 10 is entitled to its actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b).

42. Alternatively, Perfect 10 is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

43. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, great and irreparable injury to Perfect 10 that cannot fully be compensated in money.  Perfect 10 has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Perfect 10 is entitled to injunctive relief prohibiting further infringements of Perfect 10's copyrights.

44. Perfect 10 further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

11
COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Perfect 10, Inc. prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. That Defendants, and each of them, and their respective officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:

    A. Directly or indirectly copying, reproducing, distributing, adapting, or publicly displaying the Perfect 10 Copyrighted Works; and

    B. Causing, contributing to, enabling, facilitating or participating in the infringement of any of Perfect 10's copyrights, including without limitation, the Perfect 10 Copyrighted Works covered by the copyright registrations listed on Exhibit A hereto.

2. That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in their possession, custody, or control, that infringe the copyrights of Perfect 10.

3. That Defendants be ordered to cease hosting and/or operating websites that infringe the copyrights of Perfect 10.

4. For maximum statutory damages under the Copyright Act in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c), in an amount to be proven at trial.

5. For Perfect 10's costs in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

6. For prejudgment interest according to law.

7. For such other and further relief as this Court deems just and proper.

Dated: July 30, 2014

KRAUSE KALFAYAN BENINK & SLAVENS, LLP.

By _____
    Eric J. Benink,
    Attorneys for Plaintiff Perfect 10, Inc.

## DEMAND FOR JURY TRIAL

Perfect 10 hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: July 30, 2014

KRAUSE KALFAYAN BENINK & SLAVENS, LLP.

By _____
Eric J. Benink,
Attorneys for Plaintiff Perfect 10, Inc.